UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT SHAUN VARNER,<br><br>            Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>            Defendant. | CASE NO. 14-cv-05933 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

    This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 19, 20, 21).

    After considering and reviewing the record, the Court concludes that the ALJ erred in failing to include in her residual functional capacity ("RFC") finding all of the limitations in plaintiff's testimony. Because the RFC should have included additional

limitations, and because these additional limitations affected the ultimate disability determination, the error is not harmless.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

## BACKGROUND

Plaintiff, ROBERT SHAUN VARNER, was born in 1964 and was 47 years old on the amended alleged date of disability onset of August 3, 2011 (*see* AR. 44, 72, 213-19). Plaintiff completed high school and completed a truck driving course (AR. 77). He has work experience as a forklift operator, a painter, and an owner of a construction firm (AR. 76).

According to the ALJ, plaintiff has at least the severe impairments of "hepatitis C, cirrhosis, depression, arthropathy of the left upper extremity, and ulcerative colitis (20 CFR 416.920(c))" (AR. 47).

At the time of the hearing, plaintiff was living in a home with his wife, 2-year-old son, and mother-in-law (AR. 71).

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration (*see* AR. 105-16, 118-33). Plaintiff's requested hearing was held before Administrative Law Judge Robert P. Kingsley ("the ALJ") on January 22, 2013 (*see* AR. 64-103). On February 27, 2013, the ALJ issued a written decision in

which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 41-63).

Plaintiff raises the following issues: (1) Whether or not the ALJ provided legally sufficient reasons for discrediting plaintiff's testimony; and (2) Whether or not the RFC, hypothetical questions, and step four and step five findings were therefore supported by substantial evidence (*see* Opening Brief, Dkt. 19, pp. 3, 7).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1)  Whether or not the ALJ provided legally sufficient reasons for discrediting plaintiff's testimony.**

Plaintiff argues that the ALJ provided legally insufficient reasons to discredit plaintiff's subjective complaints, particularly regarding his fatigue (*see* Opening Brief, Dkt. 19, pp. 3-7). Plaintiff testified that he needs to lie down for about two or three hours during each day because of his fatigue (*see* AR. 80-82). He experienced "[n]ot wanting to get up and do anything" besides sitting in his bedroom alone, only taking a shower once a week (*see* AR. 86).

The ALJ's credibility determinations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*)). In evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (*quoting Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)); *Reddick, supra*, 157 F.3d at 722 (citations omitted); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citation omitted). According to the Ninth Circuit, "we may not take a general finding – an unspecified conflict between Claimant's testimony about daily activities and her reports to doctors – and comb the administrative record to find specific conflicts." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony regarding symptoms, and may also consider a claimant's daily activities, and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen, supra*, 80 F.3d at 1284 (citations omitted).

The determination of whether or not to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. § 416.929; *Smolen*, *supra*, 80 F.3d at 1281-82 (*citing Cotton v. Bowen*, 799 F.2d 1407-08 (9th Cir. 1986)). First, the ALJ must determine whether or not there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. § 416.929(b);

*Smolen, supra*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit then a claimant's testimony as to the severity of symptoms based solely on a lack of objective medical evidence to corroborate fully the alleged severity of pain. *Bunnell, supra*, 947 F.2d at 343, 346-47 (*citing Cotton, supra*, 799 F.2d at 1407); Social Security Ruling ("SSR") 96-7p, 1996 WL 374186 at *2, 1996 SSR LEXIS 4 at *3 (this Ruling emphasizes that a claimant's "statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence"). If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen, supra*, at 1284 (*citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)); *see also Reddick, supra*, 157 F.3d at 722 (*citing Bunnell, supra*, 947 F.2d at 343, 346-47). The Court notes that this "clear and convincing" standard recently was reaffirmed by the Ninth Circuit:

> Indeed, the cases following *Bunnell* read it as supplementing the "clear and convincing" standard with the requirement that the reasons also must be "specific." (Internal citation to *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995)). Our more recent cases have combined the two standards into the now-familiar phrase that an ALJ must provide specific, clear, and convincing reasons. (Internal citation to *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). There is no conflict in the caselaw, and we reject the government's argument that *Bunnell* excised the "clear and convincing" requirement. We therefore review the ALJ's discrediting of Claimant's testimony for specific, clear, and convincing reasons.

*Burrell, supra*, 775 F.3d at 1137; *see also Garrison v. Colvin*, 759 F.3d 995, 1015 n.18 (9th Cir. 2014) ("The government's suggestion that we should apply a lesser standard than 'clear and convincing' lacks any support in precedent and must be rejected"). As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss, supra*, 427 F.3d at 1214 n.1 (*citing Tidwell, supra*, 161 F.3d at 601).

Here, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible to the alleged extent (*see* AR. 51). The ALJ discredited plaintiff's statements for several reasons: inconsistency with objective medical evidence, inconsistency with plaintiff's daily activities, and dishonesty in reporting income (*see* AR. 51-53).

a. Inconsistency with the medical evidence

Although an ALJ may not discredit a plaintiff's testimony as not supported by objective medical evidence once evidence demonstrating an impairment has been provided, *Bunnell*, *supra*, 947 F.2d at 343, 346-47 (*citing Cotton, supra*, 799 F.2d at 1407), an ALJ may discredit a plaintiff's testimony when it contradicts evidence in the medical record. *See Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir. 1995).

Here, the ALJ generally lists various symptoms and observations from the medical evidence and then states that they are consistent with the RFC assessed, but inconsistent with the degree of limitations alleged by plaintiff (*see* AR. 51-52). These general findings

are not sufficient to discredit plaintiff's entire testimony without identifying specific contradictions with the medical evidence that could cause the ALJ to question plaintiff's truthfulness regarding all limitations. *See Greger, supra*, 464 F.3d at 972. Only one such contradiction with objective medical evidence is explicitly stated by the ALJ: that plaintiff alleged limitations in his ability to sit more than ten minutes, which the ALJ found to be inconsistent with clinical observations (*see* AR. 51).

Plaintiff wrote in a function report dated December 7, 2011, that he experienced severe back pain when sitting for ten minutes or longer (AR. 288). However, in a function report dated November 12, 2011, plaintiff did not report any limitations in sitting (*see* AR. 278-85). Similarly, plaintiff's testimony at the hearing in January of 2013 included no alleged limitations in sitting, indicating that this symptom was temporary (*see* AR. 71-94). In fact, plaintiff testified at the hearing that his fatigue leads him to "just want to sit in the bedroom" by himself (AR. 86).

The ALJ stated that plaintiff's alleged limitation in sitting from the December 2011 function report was inconsistent with clinical observations, noting that "medical personnel generally observed that he was able to sit comfortably with normal posture" (AR. 51; *see also* AR. 506-24, 600-48). However, the cited progress notes from Tacoma Digestive Disease Center cover visits from May through December of 2012, with one additional visit on November 22, 2011 (*see* AR. 506-24). Similarly, the only notes from SeaMar Medical that report normal posture are from February through November of 2012 (*see* AR. 600-37). Therefore, that plaintiff once reported back pain when sitting, having never previously reported such a limitation and then not reporting it at his subsequent

ORDER ON PLAINTIFF'S COMPLAINT - 7

hearing, is not a clear and convincing reason for discrediting all of plaintiff's testimony, particularly when the allegedly contradictory medical evidence is not from the same time period as the claim.

  b. Inconsistency with plaintiff's daily activities

Regarding activities of daily living, the Ninth Circuit repeatedly has "asserted that the mere fact that a plaintiff has carried on certain daily activities . . . . does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (*quoting Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). The Ninth Circuit specified "the two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet "the threshold for transferable work skills." *Orn, supra*, 495 F.3d at 639 (*citing Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). As stated by the Ninth Circuit, the ALJ "must make 'specific findings relating to the daily activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination. *Orn, supra*, 495 F.3d at 639 (*quoting Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).

The Ninth Circuit recently revisited this issue of activities of daily living and their consistency with pain-related impairments described by a claimant:

> [T]he ALJ erred in finding that these activities, if performed in the manner that [the claimant] described, are inconsistent with the pain-related impairments that [the claimant] described in her testimony. We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent

> with doing more than merely resting in bed all day. *See, e.g., Smolen v. Chater*, 80 F.3d , 1273, 1287 n.7 (9th Cir. 1996) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication." (citation omitted in original)); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.") Recognizing that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," we have held that "[o]nly if [her] level of activity were inconsistent with [a claimant's] claimed limitations would these activities have any bearing on [her] credibility." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citations omitted in original): *see also Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) ("The critical difference between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . , and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases." (citations omitted in original)).

*Garrison, supra*, 759 F.3d at 1016.

Here, the ALJ found that plaintiff's activities are consistent with his ability to work within the RFC assessed, "but are inconsistent with his allegations of debilitating limitations, undermining his credibility" (AR. 52-53). The ALJ then goes on to list activities that plaintiff is able to do but neither makes specific findings regarding their transferability to work skills nor explains any specific contradictions to plaintiff's other testimony (*see* AR. 53). Without any analysis of how plaintiff's level of activity is inconsistent with his claimed limitations, the ALJ does not provide a clear and convincing reason for discrediting plaintiff's overall credibility based on these activities. *See Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) ("Long-standing

principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.") (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)).

    c. Dishonesty in reporting income

The ALJ also found that plaintiff is "less than fully credible in his reports" because plaintiff had a handyman business until 2009, from which he would take a "draw" when needed, and did handyman work in 2011 and 2012 but did not report his taxable income (AR. 53; *see also* AR. 223-26). *See Smolen, supra*, 80 F.3d at 1284 (the ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness) (citations omitted). The reports cited by the ALJ show no FICA earnings for plaintiff from 2002 through 2012 (*see* AR. 223-26).

However, the exhibits cited by the ALJ as evidence that plaintiff continued to have income from handyman work do not specify how much plaintiff was able to earn from these odd jobs (*see* AR. 355-57, 380, 483). Similarly, while plaintiff testified to taking a "draw" when he "needed a couple of bucks here and there," he did not specify how much he would take (*see* AR. 89). The Internal Revenue Service ("IRS") requires a federal income tax return to be filed only if a person hits a certain threshold of gross income. *See* http://www.irs.gov/publications/p501/ar02.html#en_US_2014_publink1000270109, last visited June 5, 2015. It is not clear from the record that plaintiff earned enough in any year at issue to be required to report earnings to the IRS that would appear as FICA earnings on an earnings report. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.

2001) (the ALJ "has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'") (*quoting Smolen, supra*, 80 F.3d at 1288 (*quoting Brown v. Heckler*, 713 F.2d 411, 443 (9th Cir. 1983) (per curiam))). Without having sufficient information, the ALJ did not have a clear and convincing reason to discredit plaintiff's testimony for this alleged dishonesty.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina, supra*, 674 F.3d at 1115 (*citing Stout, supra*, 454 F.3d at 1054 (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). Here, because the ALJ improperly rejected limitations in plaintiff's testimony in forming the RFC and plaintiff was found to be capable of performing other work based on that RFC, the error affected the ultimate disability determination and is not harmless.

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen, supra*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national

economy," and that "remand for an immediate award of benefits is appropriate." *Id.* Here, the outstanding issue is whether or not a vocational expert may still find an ability to perform other jobs existing in significant numbers in the national economy despite added limitations. Accordingly, remand for further consideration is warranted in this matter.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff, and the case should be closed.

Dated this 15th day of June, 2015.

J. Richard Creatura
United States Magistrate Judge